The Kantrow Law Group, PLLC
Attorneys for TSFV Holdings, LLC
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
fkantrow@thekantrowlawgroup.com

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE: **5/14/26** |
| SOUTHERN DISTRICT OF NEW YORK | TIME: **10:00 a.m.** |

-------------------------------------------------------------X

In re:                                                       Chapter 7

ROBERT S. LAVECCHIA,                                         Case No.: 25-12421-pb

                               Debtor.

-------------------------------------------------------------X

TSFV HOLDINGS, LLC

                               Plaintiff,

              -against-                                      Adv. Pro. No. 26-1019-pb

ROBERT S. LAVECCHIA,

                               Defendant.

-------------------------------------------------------------X

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR ALLEGED FAILURE TO PLEAD FRAUD WITH THE REQUISITE SPECIFICITY PURSUANT TO RULE 9(b) <u>OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>

TO:    HON. PHILIP BENTLEY
        UNITED STATES BANKRUPTCY JUDGE

     TSFV Holdings, LLC, the plaintiff herein (the "Plaintiff" and/or "TSFV"), by and through its attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for its opposition (the "Opposition") to the motion (the "Motion") of Robert S. Lavecchia, the debtor/defendant (the "Defendant") seeking dismissal of the instant adversary proceeding pursuant to Rule 9(b) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding pursuant to Rule 7009(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and states as follows:

1

1.      The Defendant's motion to dismiss is largely based upon the interplay between certain rules found in the Federal Rules and applicable hereto by the Bankruptcy Rules.  At the heart of the Defendant's argument is his allegation that TSFV failed in its initial complaint to state a claim upon which relief may be granted and separately, failed to plead fraud with the requisite particularity as provided for by Rule 9(b) of the Federal Rules.  While the Defendant's *pro se* status affords him some latitude, he is nonetheless required to set forth why he alleges: (i) no fraudulent intent – "no facts support intent to deceive;" (ii) no justifiable reliance – "plaintiff fails to allege reliance;" (ii) no fiduciary relationship – "§523(a)(4) claim fails as a matter of law;" and (v) contract dispute, not fraud – "this is a business dispute improperly labeled as fraud."

2.      Because of the Defendant's *pro se* status, the Plaintiff is forced to guess what arguments the Defendant intends to make to support his "argument."  Accordingly, the Plaintiff undertakes to do just that and responds accordingly.

3.      As a starting point, under Rule 8(a)(2) of the Federal Rules, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  "To determine whether a party failed to plead facts to show that it is entitled to relief, and, thus, that dismissal under Rule 12(b)(6) of the Federal Rules is proper, the Court must assume that the facts alleged in the complaint are true and then decide whether those facts plausibly give rise to a right to relief." *Ashcroft v. Iqbal,* 556 U.S. 663, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

4.      The Supreme Court has held that "[T]wo working principles underlie our decision in *Twombly.*  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable and

generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]" – "that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 679-80 (internal citations omitted).

5. Although the general pleading standard of Rule 8(a)(2) of the Federal Rules, and the corresponding defensive remedy under Rule 12(b)(6) applies to most matters, allegations of fraud require the heightened pleading standard. Rule 9(b) of the Federal Rules states that "a party must state with particularity the circumstances constituting fraud. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To satisfy the pleading requirements, "the complaint must allege such matters as the time, place, and contents of false representations and what was obtained or given up thereby." *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009). A dismissal based upon the plaintiff's failure to plead fraud with particularity consistent with Rule 9(b) of the Federal Rules is the equivalent of a dismissal pursuant to Rule 12(b)(6) of the Federal Rules for the failure to state a claim for relief. *Carroll v. Farooqi,* 486 B.R. 718, 724 (N.D. Tex. 2013).

6. TSFV seeks the determination of the dischargeability of debt pursuant to sections 523(a)(2)(A); 523(a)(4); and 523(a)(6) of the Bankruptcy Code. Some of these subsections include elements of fraud and are therefore subject to the heightened pleading standards incorporated in Rule 9(b) of the Federal Rules. Other subsections are subject to the general pleading standards

governed by Rule 8(a)(2) of the Federal Rules, which requires only the "short and plain statement of the claim showing that the pleader is entitled to relief." This Court must therefore review the amended filed by TSFV in relation to each pleaded provision.

7. Section 523(a)(2)(A) contemplates the nondischargeability of debts relevant to this matter: for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. This type of nondischargeable debt arises as the result of three related acts by the debtor to induce a creditor to provide money, property, services of forms of credit to the debtor. "A 'false pretense' involves implied misrepresentation or conduct intended to create and foster a false impression." *The Merchants Nat'l Bank of Winona v. Moen,* 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999). A false representation or misrepresentation may include spoken or written words or other conduct that constitutes an assertion not consistent with the truth, as well as the debtor's strategic silence regarding a material fact. *Id.* "Actual fraud by definition, consists of any deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and cheat another – something said, done or omitted with the design of perpetrating what is known to be a cheat or deception." *Id.* at 790 (quoting *RecoverEdge L.P. v. Pentecost,* 44 F.3d 1284, 1293 (5th Cir. 1995). All three are based in fraud and therefore trigger the heightened pleading standards set forth in Rule 9(b) of the Federal Rules.

8. Courts use a single test to determine the dischargeability of a debt pursuant to section 523(a)(2)(A) of the Bankruptcy Code. Accordingly, TSFV must allege and prove the following elements by a preponderance of the evidence: (i) that the debtor made a representation; (ii) that at the time the debtor knew the representation was false; (iii) that the debtor made the

4

representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (iv) that the creditor justifiably relied on such representation; and (v) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *In re Bonnanzio,* 91 F.3d 296 (2d Cir. 1996) (citing *Thul v. Ophaug,* 827 F.2d 340 8th Cir. 1987).

9.      A review of TSFV's complaint demonstrates that TSFV has pleaded fraud with the particularity in relation to the elements fundamental to a claim under section 523(a)(2)(A) of the Bankruptcy Code.  To say that TSFV failed to make the appropriate allegations would be to ignore the fact that the allegations come straight from the State Court action in which the Defendant, acting *pro* se, defended and proceeded to a jury verdict. The jury concluded that the Defendant's acts were deliberate and intentional as set forth in the complaint.  TSFV set forth in detail, the Defendant's acts of falsification of invoices, job production orders and related events.   The dates and amounts of the fraud are clearly set forth.  TSFV alleged that the Defendant's action caused harm to TSFV.  Taking these facts alleged as true, which the Court is required to do when determining the Defendant's Motion under Rule 9(b) of the Federal Rules, the Court must conclude that TSFV has stated a plausible claim for relief pursuant to section 523(a)(2)(A) of the Bankruptcy Code.  Plausibility turns on whether a plaintiff has "alleged facts that are suggestive of illegal conduct." *Iqbal,* 556 U.S. at 696.  TSFV's complaint alleged that the Defendant engaged in illicit acts in an effort to convert funds belonging to others which TSFV funded and those intentional acts are set forth in the requisite detail in the complaint. TSFV pinpoints the dates upon which the Defendant is alleged to have engaged in the illicit activities.  As such the Defendant's motion to dismiss the section 523(a)(2)(A) cause of action must be denied.  While a complaint which fails to identify the fraudulent statements or the reasons why they are fraudulent fails to satisfy the

particularity requirements of Rule 9(b) of the Federal Rules, *see, e.g., Skycom Corp. v. Telstar Corp.,* 813 F.2d 810, 818 (7th Cir. 1987), the inverse naturally is true.  A complaint that identifies the fraudulent statements and the reasons that they are fraudulent clearly satisfies the pleading requirement.

10.     The second claim for relief is based upon section 523(a)(4) of the Bankruptcy Code. This provision excepts from discharge debts that the debtor incurred as a result of: (i) fraud while acting in a fiduciary capacity; (ii) defalcation while acting in a fiduciary capacity; (iii) embezzlement; or (iv) larceny.  In the case of the first two kinds of debt, the creditor must allege and prove that the debtor acted within the confines of a fiduciary relationship with the creditor. *In re Deutsch,* 575 B.R. 590, 600 (Bankr. S.D.N.Y. 2017).  The meaning of the term "fiduciary" is a matter of federal law. *Id.* at 600.  The term "fiduciary capacity," as it is used in the dischargeability context, applies only to express or technical trusts; it excludes constructive trusts, implied trusts, and trusts created merely on the basis of wrongful conduct. *Zohlman v. Zoldan,* 226 B.R. 767, 772 (S.D.N.Y. 1998).

11.     The Second Circuit has found that the application of section 523(a)(4) is "not limited to express trusts," rather, the exception applies where there is "a difference in knowledge or power between fiduciary and principal which …gives the former a position of ascendancy over the latter." *Andy Warhol Found. v. Hayes (In re Hayes),* 183 F.3d 162, 167 (2d Cir. 1999).  Here, TSFV  has pleaded specific acts taken by the Defendant in his position as subcontractor and his abuse of that position for his own benefit.  Again, the dates and acts taken by the Defendant are set forth in detail all of which place the Defendant on knowledge of the acts alleged to have been taken that give rise to a claim of a nondischargeable debt pursuant to section 523(a)(4) of the Bankruptcy Code.  The Defendant's defalcation is set forth and the allegations, if established at

trial, show varying degrees of misconduct on the Defendant's part (including, but not limited to, extreme recklessness or willful neglect) and support the complaint. *See, e.g., In re Hyman,* 502 F.3d 61, 67-68 (2d Cir. 2007).

12. The third and fourth types of debt that are nondischargeable under section 523(a)(4) of the Bankruptcy Code are those debts obtained via embezzlement or larceny. Embezzlement is the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come. *See In re Marcou,* 209 B.R. 287, 293 (Bankr. E.D.N.Y. 1997). Larceny differs from embezzlement in that to prove a claim for larceny the debtor must have come into possession of the property unlawfully. In this Court, TSFV is required to have pleaded the provisions of section 523(a)(4) of the Bankruptcy Code with the requisite specificity set forth in Rule 9(b) of the Federal Rules. *See, e.g., Mirachi v. Nofer (In re Nofer),* 514 B.R. 346, 357 (Bankr. E.D.N.Y. 2014). TSFV has alleged that as a result of the contractual relationship by and between the parties, there existed an express fiduciary relationship. This relationship was not merely a simple contractual relationship. It imposed obligations on both parties.

13. In regard to the pleading standard for embezzlement and larceny, each requires a showing of fraudulent intent. However, fraudulent intent is distinguishable from the outright fraud contemplated under section 523(a)(2) or in the context of a fiduciary relationship under section 523(a)(4) both of which involve false representations for the purpose of inducing the creditor to act. As one court stated, fraudulent intent "is more accurately described as 'animus furandi' or intention to steal" in the context of embezzlement or larceny. *Alternity Capital Offering 2, LLC v. Ghaemi (In re Ghaemi),* 492 B.R. 321, 325-26 (Bankr. D. Colo. 2013). Whether embezzlement and larceny fall under the general pleading standard of Rule 8(a)(2) or the heightened pleading

standards set forth in Rule 9(b), it is sufficient that the complaint alleges that the Defendant intended to steal the property at issue. Unlike with outright fraud, allegations of misrepresentation are not required. *Id.*

14. The allegations set forth throughout the complaint clearly set out facts showing that the Defendant unlawfully acquired TSFV's property in a manner consistent with both embezzlement and larceny. Therefore, to the extent that TSFV seeks to proceed under a claim of embezzlement and/or larceny, those claims may not be dismissed. TSFV alleged that it was paid less than the amounts due for work that the Defendant was obligated to perform and directed payments to himself in order to embezzle funds. The complaint alleged that the Defendant wrongfully took possession of TSFV's property and converted the property for his personal use.

15. The third provision under which TSFV seeks relief is a determination that the Defendant's debt to TSFV is nondischargeable pursuant to section 523(a)(6) of the Bankruptcy Code. This section excepts from discharge a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." To establish this cause of action, TSFV must plead and prove that: (i) the Defendant acted willfully; (ii) the Defendant acted maliciously; and (iii) the Defendant's willful and malicious actions caused injury to TSFV or its property. *Guggenheim Capital, LLC v. Birnbaum (In re Birnbaum),* 513 B.R. 788, 802-03 (Bankr. E.D.N.Y. 2014).

16. Fraud is not an element of an action pursuant to section 523(a)(6). Therefore, the general pleading standard of Rule 8(a)(2) of the Federal Rules applies. *In re Kilroy,* 354 B.R. 476, 489 (Bankr. S.D. Tex. 2006). TSFV alleged in its complaint that the Defendant converted TSFV's property and that the Defendant's acts were willful and malicious. The facts alleged within the amended complaint that are applicable in an action pursuant to section 523(a)(6) of the Bankruptcy

Code are the same as those previously alleged in connection with the Defendant's acts of embezzlement and larceny. Because TSFV has alleged conversion on the part of the Defendant, which by definition is an intentional act, TSFV has sufficiently pleaded that the Defendant's acts were willful. TSFV has also generally pleaded that the Defendant's acts were done with malicious intent. For these reasons, the Court must conclude that TSFV has stated a plausible claim under section 523(a)(6) of the Bankruptcy Code.

<strong><u>CONCLUSION</u></strong>

17. Rule 9(b) of the Federal Rules seeks to protect the Defendant so that he is sufficiently informed of the alleged acts taken that give rise to a claim for relief. TSFV avers that it has provided exactly the type of allegations that the rule contemplates. The Defendant understands the acts complained of and therefore he may be able to contemplate his defense to the allegations. For these reasons, it is respectfully requested that this Court deny the Defendant's motion to dismiss and allow the complaint to move forward.

Dated: Smithtown, New York
     April 11, 2026

                        The Kantrow Law Group, PLLC
                        Attorneys for TSFV Holdings, LLC.

BY:   <u>S/Fred S. Kantrow</u>
      Fred S. Kantrow
      732 Smithtown Bypass, Suite 101
      Smithtown, New York 11787
      516 703 3672
      fkantrow@thekantrowlawgroup.com